■ AMBASSADOR INSURANCE COMPANY, Appellant, v MORRIS COHEN, Respondent. — In an action to recover damages for the conversion of insurance premiums, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, entered November 20, 1979, which granted defendant's motion to dismiss the complaint "with prejudice, and without leave to replead" and (2) a judgment entered thereon on December 6, 1979. Appeal from the order is dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified by deleting from the first decretal paragraph thereof the words "with prejudice, and without leave to replead" and substituting therefor the following: "without prejudice to replead". As so modified, judgment affirmed. Plaintiff, if it be so advised, shall serve an amended complaint within 20 days after service upon it of a copy of the order to be entered hereon, together with notice of entry thereof. Defendant is awarded one bill of $50 costs and disbursements. The complaint of the plaintiff insurance company alleges that LAC International, Ltd. (LAC), a corporate insurance broker which is not a party to this action, sold insurance policies on behalf of plaintiff, but wrongly failed to transmit to plaintiff the premiums it had collected from the purchasers of the policies. The complaint further alleges that, because of this alleged conversion, and by virtue of defendant's status as sublicensee (see Insurance Law, § 115, subd 2; § 119, subd 2) and director and president of LAC, defendant is liable to plaintiff for breach of fiduciary duties. Significantly, the complaint contains no allegations that defendant collected the premiums in his capacity as an insurance broker or that he was in any other way personally involved in the collection of the premiums by LAC. Nor does the complaint contain any allegations that defendant participated in, knew of, or should have known of the conversion. We agree with Special Term that the absence of such allegations is fatal to plaintiff's complaint alleging breach of fiduciary duties, and warrants its dismissal. Plaintiff's first cause of action alleges that defendant breached a fiduciary duty owed to it pursuant to section 125 of the Insurance Law which provides, in pertinent part, that "Every insurance agent and every insurance broker acting as such in this state shall be responsible in a fiduciary capacity for all funds *received or collected as insurance agent or broker"* (emphasis added). However, as indicated, the complaint alleges that LAC, not defendant, collected the insurance premiums in question. Since an insurance broker may properly delegate the collection of premiums to others (see *Arff v Star Fire Ins. Co.,* 125 NY 57, 64-65) and a sublicensee may be found not to be personally at fault for conduct which results in the revocation of the license of a

corporate licensee (see Insurance Law, § 119, subd 10), we conclude, as did Special Term, that defendant's mere status as a licensed insurance broker and the sublicensee of LAC does not "automatically" render him "personally liable to third persons for the wrongful acts of others in the corporation" under section 125 of the Insurance Law. Similarly, the mere fact that defendant was a director and president of LAC when the alleged conversion occurred does not render him liable to plaintiff for breach of a fiduciary duty. "[A] director of a corporation doing an insurance brokerage and agency business is chargeable with knowledge of the general condition, progress, and financial situation of the corporation that he might have learned by the exercise of reasonable care and diligence, and is responsible for the failure of the corporation to account properly for insurance premiums collected or received by it, *where he knows or should have known of that fact.*" (29 NY Jur, Insurance, § 476, p 462; emphasis supplied; see *Matter of Leterman v Pink,* 249 App Div 164, affd 275 NY 613.) Since the second cause of action does not allege that defendant knew or should have known of the alleged conversion, it fails to state a cause of action for breach of a fiduciary duty owed to plaintiff by virtue of defendant's directorship and presidency of LAC. However, under the circumstances of this case, we believe that plaintiff should be afforded leave to replead, should it be so advised, in order that it might have an opportunity to allege, with respect to the first cause of action, that defendant either collected the premiums in his individual capacity as an insurance agent or broker or was otherwise personally responsible for their collection and, with respect to the second cause of action, that the defendant knew or should have known of the alleged conversion of the premiums. Hopkins, J. P., Mangano, Margett and Weinstein, JJ., concur.